IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LEVI GARY SPRINGER, | ) | 4:09CV3166 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANSLEY GRIFFIN, Chairman, ED WEBSTER, Economic Development Director, BARRY D. WEBSTER, Vice Chairman, AMEN SHERIDAN, Treasure, RODNEY MORRIS, Secretary, MITCHELL PARKER, Sr., and LENA WEBSTER, | ) ) ) ) ) ) ) ) | **MEMORANDUM AND ORDER** |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on August 3, 2009. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

I.  SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on August 3, 2009, against seven individual Defendants. (Filing No. 1 at CM/ECF p. 1.) These Defendants are Omaha Tribal Government employees. (*Id*. at CM/ECF p. 4.) Plaintiff is a Virginia resident currently confined in the Red Onion State Prison in Pound, Virginia. (*Id*. at CM/ECF p. 2.)

Condensed and summarized, Plaintiff alleges that Defendants violated federal law when they failed to provide him with his per capita distribution of casino proceeds. (*Id*. at CM/ECF pp. 4, 6-9.) Specifically, Plaintiff alleges that Defendants have control of the Omaha Tribe's financial resources, including "Casino Omaha and Casino Lucky 77." (*Id*. at CM/ECF pp. 4-8.) Omaha tribal members are "entitled" to a portion of the proceeds generated by these casinos and Defendants distribute these proceeds by check. (*Id*.) Defendants allegedly distributed at least four of Plaintiff's "entitlement" checks to another "Springer Family" member. (*Id*. at CM/ECF pp. 4-5.) Plaintiff seeks monetary relief in an "undetermined" amount for the four checks. (*Id*. at CM/ECF pp. 5, 10.) Plaintiff also seeks injunctive relief in the form of a temporary restraining order that prevents the "sale of [tribal] land to outside investors." (*Id*.)

## II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint

must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

"Indian tribes retain elements of sovereign status, including the power to protect tribal self government and to control internal relations." *Smith v. Babbitt*, 100 F.3d 556, 558 (1996) (citing *Montana v. United States*, 450 U.S. 544, 564 (1981)). One aspect of this sovereign status is the authority to determine tribal membership. *Id.* As the Supreme Court has stated, "[a] tribe's right to define its own membership for tribal purposes has long been recognized as central to its existence as an independent political community." *Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 72 n.32 (1978).

A tribe's sovereign immunity also extends to tribal officials acting in their official capacities and within the scope of their authority. *Burlington Northern R.R. Co. v. Blackfeet Tribe*, 924 F.2d 899, 901 (9th Cir.1991) (*overruled on other grounds by Big Horn County Elec. Cooperative, Inc. v. Adams*, 219 F.3d 944 (9th Cir. 2000)). "Sovereign immunity does not bar injunctive or declaratory relief against individual

3

tribal officials who allegedly acted outside the scope of their authority." *Davids v Coyhis*, 869 F.Supp. 1401, 1409 (E.D. Wis. 1994). Accordingly, tribal officials are not immune from suit if they violate federal law. *Burlington Northern R.R. Co.*, 924 F.2d at 901.

Liberally construed, Plaintiff brings his claims pursuant to the Indian Gaming Regulation Act ("IGRA"). 25 U.S.C. §§ 2701-2721. The IRGA provides Indian tribes with the authority to distribute gaming proceeds to tribal members, per capita, if such distribution is in compliance with an approved allocation plan. *See* 25 U.S.C. § 2710(b)(3). It is unclear from Plaintiff's Complaint if the Omaha Tribe has such an approved plan. However, even if it does, whether Plaintiff is entitled to the tribe's casino proceeds turns on a determination of whether Plaintiff is a tribal member.

If Plaintiff is not a tribal member, the court lacks jurisdiction to over his claims. As discussed above, a tribe has the exclusive authority to determine its membership. There is no greater intrusion upon tribal sovereignty than for a federal court to interfere with this determination. *See Smith*, 100 F.3d at 559.

If Plaintiff is a tribal member, Defendants' act of sending his checks to another "Springer Family" member is not a dispute over IGRA compliance, but rather compliance with the tribe's approved allocation plan. If Plaintiff's claim is that Defendants violated allocation plan procedures, his remedy is in Tribal Court. *See, e.g., Montgomery v. Flandreau Santee Sioux Tribe*, 905 F.Supp. 740, 747 (D.S.D 1995) (citing *Runs After v. United States*, 766 F.2d 347, 352 (8th Cir. 1985) (holding that resolution of tribal law disputes are not within federal court jurisdiction)).

4

In sum, the court lacks jurisdiction over Plaintiff's Complaint and it must be dismissed. However, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in the proper forum.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice to reassertion in the proper forum.

2. A separate Judgment will be entered in accordance with this Memorandum and Order.

September 23, 2009.          BY THE COURT:

                             s/ Joseph F. Bataillon
                             Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.